CRICHTON, J.,
additionally concurs and assigns reasons.
IT agree fully with the grant of defendant’s writ but write separately to observe that the events of March 30, 2012, and August 6, 2012, do not fit under the antiquated and ambiguous doctrine of res gestae[1] Specifically, neither event constitutes an integral part of the August 28, 2012, murder of which defendant is charged. And it is only those events constituting an “integral part of the act or transaction” that may be admissible under the hearsay exception . set forth in La. C.E. art. 404(B)(1).[2]
*7 Nevertheless, the events of August 6, 2012 — twenty-two days before the homicide — -may potentially be admissible under La. C.E. art. 404(B)(1), provided the district attorney supplies notice, convenes an evidentiary hearing, and further, the trial court applies the proper burden of proof subject to the balancing test of La. C.E. art. 403.

. 'See La. C.E. art. 404 cmt. (m): The phrase "or when it relates to conduct which constitutes an integral part of.the act or transaction that is subject to the present proceeding" has been added to the matters listed in Federal Rule of Evidence 404(b) as a substitute for the ambiguous phrase "res gestae" used in former La. R.S. 15:447-448,

. -La. C.E. art, 404(B)(1) states: Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the' character of a person in order to show that he acted in conformity therewith. It' may, however, be admissible for other purposes, such as proof of motive, opportunity,, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case "shall provide reasonable *7 notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.